Gerardo GOMEZ, Plaintiff–Appellant,

v.

**CALIFORNIA PHYSICIANS SERVICE, d/b/a Blue Shield of California, Defendant–Appellee.**

No. 07–55343.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2008.

Filed Nov. 5, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Michael J. Bidart, Shernoff Bidart & Darras, LLP, Claremont, CA, Jeffrey I. Ehrlich, The Ehrlich Law Firm, Claremont, CA, Stephen M. Hayes, Hayes Davis Ellingson, et al., LLP, Redwood City, CA, Frank M. Pitre, Cotchett Pitre & McCarthy, Burlingame, CA, for Plaintiff–Appellant.

Joey Dean Horton, Duane R. Lyons, Quinn Emanuel Urquhart Oliver & Hedges LLP, Los Angeles, CA, for Defendant–Appellee.

Before: THOMPSON, O'SCANNLAIN, and TALLMAN, Circuit Judges.

## MEMORANDUM *

In this insurance dispute, Gerardo Gomez challenges Blue Shield of California's practice of directing its contracted provid-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ers to reimburse Blue Shield where both it and another insurer pay the insured's claim. We must decide whether Gomez has constitutional standing to assert such a challenge. We must also decide whether Gomez's state-law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. 93–406, 88 Stat. 829 (1974) (codified as amended in scattered sections of 29 U.S.C.). The facts are well-known to the parties; we need not repeat them in detail here.

## I

Constitutional standing exists where the plaintiff has "suffered, or [is] threatened with ... an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Raich v. Gonzales,* 500 F.3d 850, 857 (9th Cir.2007). Here, the district court held that Gomez failed to establish that he has suffered an injury-in-fact and that any such injury is not redressable by the court.

## A

■ An injury-in-fact for purposes of Article III standing must be "(1) concrete and particularlized, and (2) actual or imminent, not conjectural or hypothetical." *Id.* The district court found no injury-in-fact because it is unclear whether Gomez is an "insured person" under his contract with the other insurance company (hereinafter referred to as the "med-pay insurance," "med-pay insurer," or "med-pay policy") and because it is unclear whether the med-pay insurer would have allowed for double payment of benefits. On the first point, it is true that Gomez was not the policyholder on the med-pay policy, and the district may be correct that the policy language is ambiguous as to whether Gomez is an "insured person." However, the med-pay insurer paid benefits on Gomez's behalf. For purposes of a Rule 12(b)(6) motion to dismiss, we conclude that this fact alone is sufficient to establish the plausibility that

Gomez is covered by the med-pay policy. *See Williams ex rel. v. Gerber Prods. Co.,* 523 F.3d 934, 938 (9th Cir.2008) (holding plaintiffs must plead " 'enough facts to state a claim to relief that is plausible on its face' ").

On the second point, the med-pay insurance did not explicitly exclude coverage where treatment is paid by non-governmental sources (including other insurers); thus, it is ambiguous whether the med-pay policy allows for double recovery. We conclude that, for purposes of a motion to dismiss, Gomez has alleged sufficient facts establishing the plausibility that he has suffered an injury-in-fact.

## B

■ For purposes of standing, a plaintiff's injury is redressable where there is "a 'substantial likelihood' that the requested relief will remedy the alleged injury." *Vermont Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 771, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000) (citation omitted). Here, Gomez seeks two primary remedies. He seeks injunctive relief prohibiting Blue Shield from continuing with the reimbursement scheme it established with its contracted providers, and he seeks damages in the amount of the "money and property wrongfully taken ... as a result of [Blue Shield's reimbursement scheme]." We believe that there is a substantial likelihood that if Blue Shield is enjoined from continuing its reimbursement scheme, the provider will reimburse the med-pay insurer. As noted above, it is at least plausible that Gomez could then achieve a double recovery. Thus, we conclude that Gomez has alleged a redressable injury.

## II

Blue Shield also contends that Gomez's state-law unfair competition claim is

preempted by ERISA. There are two aspects of ERISA preemption. First, ERISA expressly "supersede[s] any and all State laws insofar as they ... *relate to any employee benefit plan*" covered by 29 U.S.C. § 1003. 29 U.S.C. § 1144(a) (emphasis added). Second, consistent with creating a uniform regulatory system, ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), is a comprehensive remedial scheme. *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 208–10, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). Thus, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy ... is ... preempted." *Id.* at 209, 124 S.Ct. 2488.

■ Here, Gomez argues that because his claim challenges Blue Shield's reimbursement scheme, it is not a claim for benefits, and it therefore is not preempted by ERISA. However, Gomez wants to recover the benefits that he believes are due under his policy, and he wants the district court to enforce his rights under the plan. Both of these remedies are expressly provided by ERISA. Thus, Gomez's state-law claim is subject to ERISA's complete remedial preemption. Also, because Gomez's claim is one for the recovery of benefits, his claim for equitable relief under 29 U.S.C. § 1132(a)(3) cannot stand.

### III

We reverse the decision of the district court that Gomez failed to demonstrate Article III standing. We remand this case to the district court to consider whether Gomez should be excused from his failure to exhaust administrative remedies under

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

ERISA and thus be allowed to amend his petition.

### REVERSED AND REMANDED.